CULPEPPER, Judge
(dissenting).
I agree with the majority that the substantial issue is the interpretation of the 1945 boundary agreement. The majority correctly states that the controlling factor is the intention of the parties to that agreement, but it refuses to follow the court appointed surveyor’s findings as to that intention.
Pursuant to a stipulation by plaintiff and defendant the court appointed a surveyor to determine the boundaries intended by the parties to the 1945 agreement. This surveyor made his report and stated that the description in the 1945 boundary agreement was drawn according to an Humble Oil Company plat which itself was erroneous and hence the description in the boundary agreement “cannot be established on the ground.” The surveyor then stated in his report “ * * * I have to the best of my ability plotted the lines and have colored this area orange on one set of prints of my plat.”
A mere reading of the surveyor’s report shows that the area which he shows in orange is his interpretation, to the best of *696 his ability, of the property intended to be described by the parties in the 1945 boundary agreement. This is the way the district judge construed the report, and I agree. In my view, the majority decision in this court does not follow the recommendation of the surveyor. Instead, the majority follows an alternative solution suggested by the surveyor, shown in blue on some of his attached plats, which the surveyor stated be believed to be an “equitable” solution but is not the surveyor’s first choice as to the intention of the parties.
As between these two solutions, the orange and the blue, the trial judge chose the orange for several reasons, with which I agree: (1) First, and most important, is that the orange attempts, to the best of the surveyor’s ability, to follow the intention of the parties to the 1945 agreement. This is the legal test, rather than equity. (2) The blue solution places the east boundary along the west side of the Kaplan-Cow Island Highway whereas the 1945 agreement places it on the east side of this highway. The result is that the entire one acre is moved farther west and takes part of plaintiff’s land not intended by the 1945 agreement. Of course, this also allows the north boundary to be farther north and takes plaintiff’s land on the north, not intended by the 1945 agreement. (3) The 1945 boundary agreement contemplated that Ulysre Marceaux would own a strip of land along the north boundary of defendants’ one acre tract because such a strip is shown on the Humble Oil plat. The orange solution gives Marceaux a strip north of the one acre, but the blue does not. (4) The general intention of the parties to the 1945 boundary agreement was that the one acre tract would front on the new gravel road on the south, would contain one acre (The Humble Oil plat used shows one acre “calculated”) and would extend to the north only far enough to include one acre. The orange plat meets these tests but the blue does not. The blue does not even extend to the gravel road on the south. And, since the blue moves the east boundary to the west side of the Kaplan-Cow Island Highway, it in effect makes plaintiff lose an area equivalent to that taken by the highway, while defendants gain such an area.
The weakness of the majority’s position is shown by its decision not to follow either solution recommended by the surveyor. The majority has taken the surveyor’s “equitable” solution, shown in blue, and has added to that enough land to cause defendants’ property to front on the gravel road on the south. Of course, this further violates the intention of the parties by giving the defendants more land. The result is that defendants receive substantially more than one acre, plaintiff receives no strip of land on the north and the west boundary is placed farther to the west, all obvious departures from the intention of the 1945 boundary agreement.
In effect, the majority has chosen to substitute its own surveying skills for those of the surveyor. In doing so, it fails to follow either the law or the evidence.
For the reasons assigned, I respectfully dissent.
On Application for Rehearing.
En Banc. Rehearing denied.
SAVOY, J., recused.
CULPEPPER, J., is of the opinion a rehearing should be granted.